UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81151-CIV-COHN/SELTZER

JOSEPH ERIC PELUSO, III

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**THIS CAUSE** is before the Court upon Defendant United States of America's ("Government's") Motion to Dismiss Complaint [DE 12] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Plaintiff Joseph Eric Peluso, III's Response [DE 22], the Government's Reply [DE 25], and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff commenced this action on February 2, 2010 by filing a *pro se* Complaint [DE 1][1] against the Government in the United States Court of Federal Claims. The action was transferred to this Court on March 17, 2010. See Transfer Order [DE 1-1].

Plaintiff brought his claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, for allegations pertaining to his period of incarceration with the Federal Bureau of Prisons ("BOP") in Forrest City, Arkansas.[2]

---

[1] Plaintiff has since retained counsel, who filed the Response.

[2] Plaintiff has also filed two additional FTCA cases pending in this Court: Case No. 10-80076-CIV is based on Plaintiff's period of incarceration with the BOP in Miami, Florida; and Case No. 10-81152-CIV, like the instant case, is based on Plaintiff's period of incarceration in Forrest City, Arkansas. The Complaint in Case No. 10-81152-

Plaintiff alleges that on August 5, 2008, he was negligently subjected to reckless misconduct. Specifically, he claims that BOP personnel denied him proper medical care after he was exposed to black mold and other harmful contaminants, which caused him to suffer "abnormal coughing and expelling of bloody phlegm, scarring of lung tissue, nose bleed, sinusitis, vertigo, teary eyes, and head, ear, eye, throat, sinus and chest pain[] frequently on the daily basis." Compl. ¶ 16. Plaintiff further claims that the Government retaliated against him "for speaking-out against and exposing Defendant's unorthodox practice, wrongdoing, and lawlessness," id. ¶ 13, by manipulating medical records "to pretend that none of what happened transpired," id.

Construing the *pro se* Complaint liberally, the Court finds that Plaintiff has alleged two claims based on these facts: (1) a medical malpractice claim that encompasses the negligence allegations, and that is based on an underlying medical condition caused by exposure to black mold; and (2) a retaliation claim based on manipulation of medical records.

On November 18, 2010, the Government filed its Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government argues for dismissal because: (1) Plaintiff failed to comply with the FTCA's administrative notice requirement; and (2) the Government has sovereign immunity from the retaliation claim because the claim is a constitutional tort claim.

---

CIV [DE 12-1] ("Second Complaint"), raises allegations nearly identical to those contained in the instant Complaint. Yet, the Second Complaint is based on a separate administrative claim [DE 12-2] ("Second Administrative Claim") that Plaintiff filed in July 2009. Unlike the instant Administrative Claim, the Second Administrative Claim describes the medical symptoms, treatment, conversations, and the names of medical personnel and other federal employees involved in Plaintiff's claim. See Sec. Admin.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) lies for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only hear cases that the Constitution and Congress have empowered them to resolve. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Though the United States, as a sovereign, is generally immune from suit, United States v. Sherwood, 312 U.S. 584, 586-88 (1941), Congress, in passing the FTCA, granted jurisdiction to the district courts with respect to certain claims, FDIC v. Meyer, 510 U.S. 471, 477 (1994). Specifically, the FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." Id. at 475. A waiver of sovereign immunity, such as this, must be express and cannot be implied. See Lane v. Pena, 518 U.S. 187, 192 (1996). Courts construe broadly the exceptions to the waiver of sovereign immunity, and resolve any ambiguities in favor of the Government. Id.

Finally, all litigants must comply with the Federal Rules of Civil Procedure and federal statutes. Though the Court must liberally construe the pleadings of a *pro se* plaintiff, a plaintiff's *pro se* status will not excuse his failure to comply with the FTCA's jurisdictional requirements. O'Brien v. United States, 137 F. App'x 295, 301 (11th Cir. 2005) (citing McNeil, 508 U.S. at 113).

## III. ANALYSIS

As discussed below, Plaintiff's claims will be dismissed for lack of jurisdiction. In short, Plaintiff failed to provide adequate notice of his medical malpractice claim, and the Government's sovereign immunity bars the constitutional tort claim of retaliation.

### A. Medical Malpractice Claim

Before bringing suit under the FTCA, a plaintiff must exhaust his administrative remedies under 28 U.S.C. § 2675(a). Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006); see also Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Section 2675 prohibits a plaintiff from bringing claims against the United States for money damages or personal injury caused by the negligent or wrongful acts of a Government employee "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . ." 28 U.S.C. § 2675(a). In order to properly present the claim to the appropriate Federal agency, the plaintiff must file an administrative claim that provides: (1) notice of the tort claim sufficient to enable the Government agency to investigate; and (2) a sum certain value of the claim. Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999) (citing Adams v. United States, 615 F.2d 284, 289 (11th Cir. 1980)); see also Brown v. United States, 838 F.2d 1157, 1160 (11th Cir. 1988). The parties do not dispute that Plaintiff has satisfied the sum certain requirement. Therefore, the sole issue before the Court is whether the Administrative Claim provides sufficient notice of the claims raised in the Complaint.

The notice requirement is "minimal." Adams, 615 F.2d at 289; Burchfield, 168 F.3d at 1255; Orlando Helicopter Airways v. United States, 75 F.3d 622, 625 (11th Cir. 1996). However, the claimant still must properly apprise the Government of its potential liability. Bush v. United States, 703 F.2d 491, 495 (11th Cir. 1983). General and conclusory allegations are insufficient to meet the notice requirement when they are "so vague or lacking in detail that the agency cannot be expected to initiate any

investigation at all." Burchfield, 168 F.3d at 1257; see also Tidd v. United States, 786 F.2d 1565, 1568 (11th Cir. 1986).

Plaintiff contends that he satisfied the FTCA's administrative notice requirement in the administrative claim he filed with the BOP on April 17, 2009 [DE 12-6] ("Administrative Claim").[3] The Administrative Claim makes no factual allegations about the Government's conduct or the resulting harm suffered, however. See Admin. Cl. Nor does it mention that BOP medical personnel failed to provide adequate medical care regarding any ear, nose, and throat issues. See id. Rather, the Administrative Claim merely raises general Eighth Amendment violation allegations based on cruel and unusual punishment, torture, and negligence. Plaintiff states in conclusory terms:

> Creditor/Claimant is the victim of negligent reckless misconduct, dereliction of duty (duty of care), physical and psychological torture "Cruel and Unusual Punishment", ongoing abuse, neglect, and deprivation inflicted by federal employees (acting in their individual and official capacities) of the Federal Bureau of Prisons. Federal Employee's reprehensible conduct caused a permanent infliction of physical and psychological injury and damage to the Creditor/Claimant.

Admin. Cl. at 1; see also id. at 6 ¶ 37, 10. Such vague, general allegations do not apprise the BOP of its potential liability in a manner in which the BOP would be expected to initiate any investigation for the claim of medical malpractice, or even for any separate claim of negligence or mold exposure. See Burchfield, 168 F.3d at 1257; Bush, 703 F.2d at 495. Therefore, Plaintiff's Administrative Claim does not meet the FTCA's notice requirement.

---

[3] The BOP denied the Administrative Claim on October 1, 2009. Therefore, Plaintiff satisfied the requirement that his "claim shall have been finally denied by the agency . . ." 28 U.S.C. § 2675(a).

5

Indeed, Plaintiff concedes that his Administrative Claim does not even use the word "medical" in its allegations. Resp. ¶¶ 4-7. Nevertheless, Plaintiff urges the Court to read the Administrative Claim and the Complaint together to understand the Administrative Claim's allegations to refer to the Government's duty of care relating to the medical treatment of Plaintiff and his medical records. The Court cannot read the Administrative Claim and Complaint this way. To allow a complaint's allegations to supplement a vague administrative claim would undermine the primary purpose of the FTCA's notice requirement, that an administrative claim enable the Government agency to investigate the claim and expedite the fair settlement of a claim prior to the initiation of a lawsuit. See Burchfield, 168 F.3d at 1257. The Court agrees with the Government that allowing a plaintiff essentially to amend his administrative claim with allegations contained in a subsequently filed complaint would render the FTCA notice requirement a "nullity." See Reply at 2.

Accordingly, Plaintiff's Administrative Claim fails to provide sufficient notice of the medical malpractice claim as required under the FTCA.[4] Therefore, the Court will dismiss this claim, as the Court does not have jurisdiction to hear it.

---

[4] The parties disagree on the number of claims asserted in the Complaint: Plaintiff contends he brings separate claims for medical malpractice, negligence, retaliation, document destruction, and mold exposure, Resp. ¶ 12; the Government reads the Complaint to contain one claim for medical malpractice, Reply at 4. As stated above, the Court has liberally construed the Complaint to allege two claims: (1) a medical malpractice claim that encompasses the negligence and mold exposure allegations; and (2) a retaliation claim based on manipulation of medical records. Even if the Court were to read the mold exposure and negligence claims as separate causes of action, these claims still would not survive the Motion to Dismiss. The FTCA "requires that each claim . . . meet the prerequisites for maintaining a suit against the government." Dalrymple, 460 F.3d at 1325. The underlying Administrative Claim does not mention black mold or other harmful contaminants, nor does it provide notice of the negligence claim Plaintiff purports to allege in his Complaint.

## B. Retaliation Claim

The "United States has not rendered itself liable under § 1346(b) for constitutional tort claims." FDIC v. Meyer, 510 U.S. 471, 478 (1994); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986) (federal constitutional tort claims are not within scope of the FTCA). As a result, the Government retains its sovereign immunity for federal constitutional torts. McCollum, 794 F.2d at 608; see also Meyer, 510 U.S. at 478. To state a constitutional tort claim for retaliation based on a First Amendment violation, "a prisoner need not allege violation of a separate and distinct constitutional right . . . . The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (quotation omitted).

Plaintiff alleges that the Government manipulated records in retaliation for Plaintiff "speaking out against and exposing Defendant's unorthodox practice, wrongdoing, and lawlessness." Compl. ¶ 13; see also Admin. Cl. at 8 (retaliation for "filing [a] formal complaint"). Though the Complaint does not expressly identify the retaliation claim as a First Amendment claim, Plaintiff's argument centers around allegations that he was penalized for exercising his right to free speech. Accordingly, the retaliation claim is based on a First Amendment violation.[5] See Mitchell, 112 F.3d

---

[5] The Administrative Claim and Complaint also contain general allegations of tortuous acts and cruel and unusual punishment. Compl. ¶¶ 2, 12, 27. To the extent that the Complaint allege Eighth Amendment violations, the Government is also immune based on the same sovereign immunity ground as the First Amendment violation for retaliation. See Trupei v. United States, 239 F. App'x 489, 493-94 (11th Cir. 2007) (pro se prisoner's Eighth Amendment claim was not cognizable under the FTCA) (citing McCollum, 794 F.2d at 608).

7

at 1490; see also Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). Therefore, the retaliation claim will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The United States's Motion to Dismiss Complaint [DE 12] is **GRANTED**;

2. Plaintiff Joseph Eric Peluso, III's Complaint Under the Federal Tort Claims Act (FTCA) [DE 1] is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of March, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record via CM/ECF

8